USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILARY A. BEST,

                          Plaintiff,

        -against-

JAMES MERCHANT; BENJAMIN
FONTANEZ, New York City Correction
Officers; JANE DOE; JOHN DOE, Bronx
County Assistant District Attorneys,

                          Defendants.

1:21-CV-0779 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

        Plaintiff, who is proceeding *pro se*, brings this action alleging that the defendants violated

his federal constitutional rights and he seeks damages. Plaintiff sues: (1) Correction Officer

James Merchant, (2) Correction Officer or Investigator Benjamin Fontanez, (3) Bronx County

Assistant District Attorney "Jane Doe," and (4) Bronx County Assistant District Attorney "John

Doe." By order dated March 1, 2021, the court granted Plaintiff's application to proceed *in forma

pauperis*. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983

and state law.

        The Court requests that Defendants Merchant and Fontanez waive service of summons.

For the reasons discussed below, the Court dismisses Plaintiff's claims under § 1983 against

Defendants "Jane Doe" and "John Doe."

**STANDARD OF REVIEW**

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.   Defendants "Jane Doe" and "John Doe"

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against Bronx County Assistant District Attorneys "Jane Doe" and "John Doe." Prosecutors are immune from civil suit for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see Imbler* 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's individual-capacity claims under § 1983 against Defendants "Jane Doe" and "John Doe" arise from those defendants' criminal prosecution of Plaintiff. The Court therefore

dismisses those claims under the doctrine of prosecutorial immunity and as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute).

The Court also dismisses, under the doctrine of Eleventh Amendment immunity, Plaintiff's claims that are brought against these defendants in their official capacities. *See* § 1915(e)(2)(B)(iii); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing official-capacity claims for damages against District Attorneys and Assistant District Attorneys under the Eleventh Amendment); *see also Ying Jin Gan v. City of New York*, 996 F.2d 52, 536 (2d Cir. 1993) (in New York State, a District Attorney acts as a state official, not a municipal official, when he or she prosecutes).

**B.    Defendants Merchant and Fontanez**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants Merchant and Fontanez waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against Defendants "Jane Doe" and "John Doe." 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Clerk of Court is also directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants James Merchant (Shield #8237) and Benjamin Fontanez (Shield #2071) waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 2, 2021
         New York, New York

_____
GREGORY H. WOODS
United States District Judge