```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                    :
HILARY A. BEST,                         :
                                    :
                      Plaintiff,     :             1:21-cv-779-GHW
                                    :
                -v-                  :                 ORDER
                                    :
JAMES MERCHANT, *et al.*,          :
                                    :
                     Defendants.    :
                                    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On May 31, 2023, Plaintiff filed a Fourth Amended Complaint naming Officer David Hayes, a retired New York City corrections officer, as a defendant. Dkt. No. 108. The Court directed the Clerk of Court to issue a summons for Officer Hayes. Dkt. No. 112. A summons was issued as to Officer Hayes on June 9, 2023. Dkt. No. 113. On August 10, 2023, a document was filed indicating that the United States Marshals Service attempted service on Officer Hayes at the address provided by Corporation Counsel of the City of New York but that no person by the name of David Hayes "is known at [that] address." Dkt. No. 119; *see* Dkt. No. 110 at 2 (providing the address). On August 11, 2023, the Court ordered that Corporation Counsel "confirm . . . that the address provided for David Hayes in Dkt. No. 110 is the only address of service that they are aware of for that individual." Dkt. No. 121. By letter dated August 16, 2023, Corporation Counsel confirmed that the previously provided address "is the only address that [the New York City Department of Corrections] has for [David Hayes]." Dkt. No. 122 at 1.

On April 22, 2024, Plaintiff filed a Fifth Amended Complaint. Dkt. No. 159. The Fifth Amended Complaint named Officer Hayes as one of the defendants. *Id.* As of the date of this order, there is no indication on the docket that Officer Hayes has been served with a summons or complaint in this case.

Federal Rule of Civil Procedure 4(m) states, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *See also Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 455 (E.D.N.Y. 2015) ("[C]ourts in this circuit have generally interpreted Rule 4(m) to require plaintiffs to [file proof of service] within the . . . [90]–day period.").  This rule applies with equal force to plaintiffs proceeding *pro se*, who "generally are required to inform themselves regarding procedural rules and to comply with them."  *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citation omitted).

As the operative complaint was filed on April 22, 2024, the ninety-day window for service closed on July 21, 2024.  As of the date of this Order, there is no indication on the docket that the Defendant has been served.  While the Court "shall issue and serve all process" when the plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(d), the Court can only do so much to obtain the service address of a defendant.  The Court directed Corporation Counsel to provide any updated address that the Department of Corrections has on file for David Hayes, and Corporation Counsel replied that they provided the most recent address on file for David Hayes.  During the conference held on the record on December 6, 2024, the Court again asked Corporation Counsel to confirm that it does not have any other service address for David Hayes.  Corporation Counsel so confirmed.  December 6, 2024 Transcript of Proceedings ("Tr.") at 9:13–16.  At the December 6, 2024 conference, the Court asked Plaintiff if Plaintiff had any other information regarding the service address of David Hayes, and Plaintiff stated that he did not.  Tr. 10:11–12.  The Court then found that "there's no additional information regarding Mr. Hay[e]s, and there's no argument presented regarding a reason why the Court should not dismiss him as a result of failure to serve

under Rule 4(m).  I expect to issue an order on that topic."  Tr. 15:1–5.  Plaintiff acknowledged that "we don't know where Defendant Hay[e]s is, and he's going to be probably dropped from the lawsuit."  Tr. 33:9–11.

For the foregoing reasons, the Court dismisses the claims against Defendant David Hayes pursuant to Fed. R. Civ. P. 4(m).  The Clerk of Court is directed to terminate David Hayes (listed on the docket as "David Hays") from the caption of the case and to mail a copy of this order to Plaintiff by first class and certified mail.

SO ORDERED.

Dated: January 7, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge