USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                           :
HILARY BEST,                            :
                                           :
                           Plaintiff,     :           1:21-cv-779-GHW
                                           :
                      -v-                      :                 <u>ORDER</u>
                                             :
JAMES MERCHANT, *et al.*,          :
                                             :
                              Defendants.   :
                                             :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On December 6, 2024, the Court granted an extension of discovery for the limited purpose of allowing Plaintiff to depose Defendants Stephanie Negron, James Merchant, and Steven Acosta. Dkt. No. 194. Plaintiff was given until January 30, 2025 to complete these depositions. By letter dated January 21, 2025, Plaintiff raised concerns about the depositions of Ms. Negron and Mr. Merchant, taken remotely on January 13, 2025. Dkt. No. 200. The Court held a conference on the record on January 31, 2025 to discuss the matter, and on the same day, the Court ordered that discovery be further extended for the limited purpose of completing the depositions of Mr. Merchant and Mr. Acosta. Dkt. No. 207. On February 13, 2025, Defendants filed a motion to have any remaining depositions be taken by remote means and to prevent Plaintiff from continuing the deposition of Mr. Merchant. Dkt. No. 208. Plaintiff filed a brief in opposition on February 28, 2025. Dkt. No. 210. Defendants filed a reply brief on March 7, 2025. Dkt. No. 212.

      In Plaintiff's opposition filing, Plaintiff requests that the Court "reconsider" its decision not to reopen document discovery, made on the record at the January 31, 2025 conference. *Id.* ¶¶ 2–6. While Plaintiff has not filed a formal motion, the Court will treat Plaintiff's request as a motion for reconsideration, given his status as a *pro se* litigant.

I.  DISCUSSION

    A.  Continuing Mr. Merchant's Deposition

The Court already decided during the January 31, 2025 conference—followed by a written order that very day—that Plaintiff is allowed to continue the deposition of Mr. Merchant. *See* Dkt. No. 207 at 2 ("Plaintiff's request for an extension of discovery for the limited purpose of completing the depositions of Defendants James Merchant and Steven Acosta is granted."). The Court held that Mr. Best, as a *pro se* plaintiff, is entitled to special solicitude and that, with this in mind, his decision to end the deposition of Mr. Merchant early was not unreasonable under the circumstances. Because this issue was already decided, the Court will treat Defendants' motion as a motion for reconsideration.

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v.*

*Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it).  "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).  Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'"  *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Defendants have offered no controlling law and no new facts that the Court overlooked.  Defendants cite Federal Rule of Civil Procedure 30(d)(1), but Rule 30(d)(1) does not prevent Plaintiff from continuing the deposition of Mr. Merchant because the rule provides that a deposition is limited to one day "[u]nless otherwise . . . ordered by the court."  The Court, on January 31, 2025, ordered that the deposition of Mr. Merchant may be extended.  Dkt. No. 207.  Defendants' description of Plaintiff's conduct during the deposition was not overlooked by the Court.  At the January 31, 2025 conference, the Court spoke with the parties at length regarding Plaintiff's reasons for ending the deposition prematurely.  The Court held that Plaintiff demonstrated that, under the circumstances, it was not unreasonable for a *pro se* plaintiff to believe that the deposition was compromised and therefore "frustrated in [a] material sense." *Chawla v. Metro. Oral Surgery Associates, P.C.*, No. 11-cv-6248 (RRM) (VMS), 2014 WL 4678023, at *7 (E.D.N.Y. Sept. 19, 2014) (quoting *Severstal Wheeling Inc. v. WPN Corp.*, No. 10-cv-954 (LTS) (GWG), 2012 WL 1982132, at *3 (S.D.N.Y. May 30, 2012)).

Therefore, Defendants' motion to limit the deposition of Mr. Merchant is denied. Plaintiff may continue the deposition of Mr. Merchant on a single day, provided that the combined duration of the January 13, 2025 deposition and the subsequent deposition does not exceed seven hours.

### B. Conducting Mr. Merchant's and Mr. Acosta's Depositions Remotely

The Court finds that because of the hardship an in-person deposition would cause Mr. Merchant and Mr. Acosta, and because of the lack of prejudice to Plaintiff, the Court orders that their depositions be taken remotely. Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request for a remote deposition, the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship, and conduct a careful weighing of the relevant facts." *In re Terrorist Attacks on September 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020) (cleaned up). "Authorization to take telephonic or virtual depositions does not depend upon the hardship incurred by the applicant; instead, it depends upon the hardship of the deponent." *Floodbreak LLC v. T. Moriarty & Son, Inc.*, No. 23-cv-6185, 2024 WL 4546882, at *2 (E.D.N.Y. Oct. 23, 2024) (citations omitted) (citing *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006); *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10-cv-1149 (DLI) (CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011)).

Defendants have provided evidence that Mr. Merchant suffers from a "severe" disability that "limits [his] ability to travel." Dkt. No. 208-4. He attests under penalty of perjury that he is "unable to travel for an in-person deposition . . . without incurring a significant physical and mental burden." *Id.* Such a physical disability presents significant hardship such that an in-person deposition would be unduly onerous. *See Floodbreak LLC*, 2024 WL 4546882, at *1 (permitting a remote deposition where deponent "was recently diagnosed with and received treatment for malignant melanoma and

4

also has healthcare responsibilities for his wife, who has Stage 4 cancer and resultant unstable diabetes"); *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-cv-1781 (PGG) (BCM), 2020 WL 4041058, at *1 (S.D.N.Y. July 17, 2020), *objections overruled*, No. 18-cv-1781 (PGG), 2021 WL 568124 (S.D.N.Y. Feb. 16, 2021) (permitting remote deposition due to COVID-19 pandemic concerns and because deponent "suffers from epilepsy and, according to a note from his doctor, should avoid duress or significant stress, which could trigger breakthrough seizures").

Defendants have provided evidence that Mr. Acosta currently resides in Florida. Dkt. No. 208-3. The Court finds the cost of travel from Florida to New York to be sufficiently onerous to justify conducting a deposition remotely. *See Floodbreak LLC*, 2024 WL 4546882, at *3 (permitting a remote deposition where deponent lives in South Carolina); *Uni-Sys., LLC v. U.S. Tennis Ass'n*, No. 17-cv-147 (KAM) (CLP), 2018 WL 1335354, at *4 (E.D.N.Y. Mar. 15, 2018) ("[C]ourts have universally recognized that depositions conducted remotely are a valid, reliable, efficient, and cost-effective method of obtaining required discovery without needless expense.").

Plaintiff has not made any showing of the prejudice he would face if the depositions were to be held remotely. Plaintiff has not substantiated any of his concerns that counsel for Defendants were inappropriately communicating with the deponents, and in any event, counsel for Defendants have represented to the Court that they at no point communicated with the defendants during the depositions. *See* Dkt. No. 204 at 2. Absent any other showing of prejudice in this case, Plaintiff has failed "to overcome the presumptive validity of remote depositions." *In re Terrorist Attacks*, 337 F.R.D. at 579.

### C. The Court Will Not Reconsider Its Decision Denying Plaintiff's Request to Reopen Document Discovery

The Court declines to reconsider denying Plaintiff's request to reopen document discovery. At the January 31, 2025 conference, Plaintiff requested that the Court reopen discovery to allow Plaintiff to request documents related to any disciplinary action taken against Mr. Merchant while he

was employed with the New York City Department of Corrections. Plaintiff had not made such a request prior to the January 13, 2025 deposition of Mr. Merchant. As the Court made clear at the December 6, 2024 conference held on the record and in its subsequent written order, document discovery closed on December 20, 2024.[1]

While Plaintiff is entitled to "special solicitude" as a *pro se* party, *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), Plaintiff has offered the Court no overlooked controlling law, no new evidence, and no showing of manifest injustice to warrant reconsideration of its decision not to reopen document discovery.[2] As the Court noted when it decided Plaintiff's request to reopen document discovery on January 31, 2025, the Court made clear to Plaintiff at the December 6, 2024 conference that discovery would close on December 20, 2024 for all purposes other than to permit depositions of Mr. Merchant, Ms. Negron, and Mr. Acosta. Mr. Merchant's disciplinary records are not evidence that Plaintiff "uncovered during deposition." Dkt. No. 210 ¶ 4–6. These records did not suddenly become relevant during Mr. Merchant's deposition. *Contra id.* These are records for which Plaintiff, if he had been acting diligently, could have at any point during the lengthy history of discovery in this case made a timely request. He did not do so until the records came up during Mr. Merchant's deposition on January 13, 2025, almost a month after the explicit close of document discovery.

As the Court found on January 31, 2025 when it decided Plaintiff's request to reopen discovery, Plaintiff has not made a showing of diligence to warrant reopening discovery, even taking

---

[1] *See* Dkt. No. 197, Transcript of the December 6, 2024 Conference, at 39:4–12 ("The discovery deadline is December 20, for all purposes other than to permit your depositions of those named individuals. If the defense needs as a result of their review of discovery or otherwise for me to change that, I will consider the application. But at this point, it is a single purpose extension of discovery for the sole purpose, to be clear, that means that the deadlines for expert discovery will have been expired as of December 20th, and all other work must have been completed by that date."); *see also* Dkt. No. 194 ("The deadline for the completion of discovery is extended to January 30, 2025 for the sole purpose of allowing Plaintiff to depose the witnesses that he listed on the record during the December 6, 2024 conference. For all other discovery matters, the deadline for the completion of discovery remains December 20, 2024.").

[2] The Court reads Plaintiff's submissions "to raise the strongest arguments they suggest." *U.S. v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) ("It is well established that courts liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." (internal quotation marks omitted)).

into account Plaintiff's status as a *pro se* litigant. Plaintiff has been given many extensions and warnings. The Court's decision here is not manifest injustice, and Plaintiff is merely "relitigate[ing] an already decided issue" with no new facts or law. *Padilla*, 636 F. Supp. 2d at 258–59. Thus, the Court declines to reconsider its January 31, 2025 decision that document discovery will not be reopened.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART. Defendants' motion to limit the deposition of Mr. Merchant is denied; Plaintiff may continue the deposition of Mr. Merchant on a single day, provided that the combined duration of the January 13, 2025 deposition and the subsequent deposition does not exceed seven hours. Defendants' request that the depositions of Mr. Merchant and Mr. Acosta be conducted remotely is granted. The Court is setting a hard deadline for Plaintiff to complete the depositions of Mr. Merchant and Mr. Acosta: the depositions of Mr. Merchant and Mr. Acosta must be completed no later than April 30, 2025. Plaintiff's request for reconsideration of the Court's decision not to reopen discovery is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 208 and to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: March 19, 2025
New York, New York

GREGORY H. WOODS
United States District Judge