```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
HILARY BEST,                                                      :
                                                                  :
                                    Plaintiff,                    :     1:21-cv-779-GHW
                                                                  :
                    -v-                                           :     ORDER
                                                                  :
JAMES MERCHANT, *et al.*,                                         :
                                                                  :
                                    Defendants.                   :
                                                                  :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

By letter dated May 23, 2025, Plaintiff moved for reconsideration of the Court's order denying Plaintiff's request to reopen discovery after Plaintiff failed to schedule and complete the depositions of Defendants Merchant and Acosta. Dkt. No. 221.

The Court has now had numerous occasions to chronicle the procedural history of this case, but it bears repeating. The Court issued an order scheduling discovery on March 22, 2023. Dkt. No. 96. Discovery was scheduled to be complete by August 21, 2023. *Id.* Mr. Acosta and Mr. Merchant had been named in the lawsuit since at least May 31, 2023. *See* Dkt. No. 108. On August 21, 2023, the Court granted an extension of fact discovery to October 30, 2023. Dkt. No. 126. On October 30, 2023, the Court granted another extension of fact discovery to January 28, 2024 because, among other things, Plaintiff needed additional time to respond to Defendants' discovery demands. Dkt. No. 132. The Court held a conference on November 15, 2023 to discuss discovery, and during that conference, the Court ordered Plaintiff to comply with outstanding discovery requests. *See* Dkt. No. 135. The Court again reiterated that discovery would close on January 28, 2024. *Id.*

On January 30, 2024, the Court granted another extension of fact discovery to March 28, 2024 because "plaintiff ha[d] not yet served defendants with discovery demands." Dkt. No. 141. In

that order, the Court told the parties that they "should not expect any further extensions of time to complete discovery." *Id.* Nonetheless, the Court granted yet another extension of the deadlines to complete discovery by order dated March 14, 2024, extending the deadlines to July 26, 2024. Dkt. No. 145.

On August 19, 2024, the Court held another discovery-related conference. The Court extended fact discovery again to December 20, 2024. Dkt. No. 175. The Court further ordered that Plaintiff "respond fully and completely to the outstanding discovery requests identified" by Defendants. *Id.* After Plaintiff requested another discovery extension, the Court held a conference on December 6, 2024. At that conference, the Court extended discovery to January 30, 2025 for the sole purpose of allowing Plaintiff to complete the depositions of three defendants: Mr. Merchant, Mr. Acosta, and Ms. Negron. During the December 6, 2024 conference, the Court said, "I will not grant any further extensions," to which Mr. Best replied "unless there's a natural earthquake." Dkt. No. 197 at 38. The Court responded, "Yes. If we have Covid or some other natural disaster that would impede your ability to do the work, I will consider that. . . . Other conditions will not lead me to change these deadlines." *Id.* Mr. Best replied, "Understood." *Id.*

Then, on account of various disputes regarding those depositions, namely accusations of apparent misconduct raised by Mr. Best but for which he provided no evidence, the Court was forced to once again extend fact discovery for the limited purpose of completing the depositions of Mr. Merchant and Mr. Acosta remotely. On March 19, 2025, the Court set "a hard deadline" for Plaintiff to complete the depositions of Mr. Merchant and Mr. Acosta at April 30, 2025. Dkt. No. 213.

During this final extension from March 19, 2025 to April 30, 2025, Defendants represent that Mr. Best "at no point attempted to contact Defendants regarding the scheduling of depositions." Dkt. No. 216. Discovery therefore finally closed on April 30, 2025. Mr. Best filed a

2

letter on May 4, 2025 requesting another extension of time to complete the depositions and to conduct document discovery. Dkt. No. 215. The Court held a conference on May 21, 2025, at which Mr. Best represented that hospitalization prevented him from conducting the depositions. However, at the conference, Mr. Best failed to present any evidence that hospitalizations prevented him from even scheduling the depositions for the entire period from March 19, 2025 to April 30, 2025. There have been multiple conferences now in which Mr. Best has cited medical conditions as justifications for failing to engage in discovery as ordered by the Court. At each conference, Mr. Best has promised that he has gotten control of his medical issues and will be able to complete the work required to litigate this case. *See, e.g.*, Dkt. No. 197 at 35–36:

> THE COURT: Thank you. If I were to grant you a further extension of time, would you get it done?
> MR. BEST: Heck yeah.
> THE COURT: Would I need to entertain a subsequent request from you for a further extension of time?
> MR. BEST: No. And if there's anything going on, I'll bring it promptly to your attention.
> THE COURT: Thank you. That's a flat no. So you at this point have sufficient confidence in your health and ability to do this work that you can commit that you will not come back to me with a further request for an extension of time?
> MR. BEST: Absolutely.

However, each time Mr. Best has been wrong.

The Court is sympathetic to Mr. Best's struggles with his health. Yet, Mr. Best has failed to complete discovery over the course of a period of over two years following multiple extensions, and he failed to take any steps over the course of the most recent discovery extension to conduct the two remote depositions. His failure to make any effort to do so is particularly problematic given that the depositions were to be conducted remotely; that they were not expected to exceed eight hours in length in the aggregate; and that they were continuations of depositions that Mr. Best had previously commenced and for which, thus, he had presumably already prepared. The Court advises Mr. Best that he should not understand the Court's extended history of expansive solicitude to his

needs to mean that he need not comply with Court-ordered deadlines. Mr. Best is required to meet Court-ordered deadlines and should understand that the failure to do so can result in adverse consequences. For the reasons discussed on the record at the May 21, 2025 conference, the Court ordered that discovery would remain closed and set a briefing schedule for Defendants' anticipated motion for summary judgment. *See* Dkt. No. 220.

Now, in his May 23, 2025 letter, Mr. Best requests reconsideration of the Court's decision on May 21, 2025 not to reopen discovery. Appended to his letter are copies of medical bands and discharge instructions from his most recent hospitalizations. Dkt. No. 221. This evidence is not sufficient for the Court to reconsider its decision not to reopen discovery in this case. The evidence shows that Mr. Best was hospitalized between March 27, 2025 and March 31, 2025 and hospitalized again on April 5, 2025 and April 6, 2025. *Id.* Therefore, from this evidence, Mr. Best had over a week before his first hospitalization and over three weeks after his last hospitalization to simply *contact* Defendants regarding the depositions.[1] He failed to do so. Mr. Best has repeatedly shown a lack of diligence in engaging in discovery. Therefore, the Court will not reopen discovery.[2] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[1] The Court notes that Defendants' discharge instructions state that his physicians did not recommend any "restrictions" on his activity after his May 31, 2025 discharge. Dkt. No. 221 at 4.

[2] To the extent that Mr. Best is requesting that the Court reconsider its decision not to reopen document discovery, this application is likewise denied. Mr. Best has repeatedly requested that the Court reopen document discovery regarding information that was discovered during the deposition of Mr. Merchant. The Court has denied Mr. Best's request to reopen document discovery for this specific purpose three times now. Dkt. No. 207 (Jan. 31, 2025); Dkt. No. 213 (Mar. 19, 2025); Dkt. No. 220 (May 21, 2025). Nothing in Mr. Best's May 23, 2025 letter warrants reconsideration of this decision.

The Clerk of Court is directed to mail a copy of this order to Plaintiff Hilary Best by certified mail.

SO ORDERED.

Dated: May 28, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge